# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**HENRY L. WILLIE, JR.**                                                                                         **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 3:16-CV-770-HTW-LRA**

**MARSHALL FISHER**                                                                                        **DEFENDANT**

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The undersigned Magistrate Judge scheduled an omnibus hearing in this case June 14, 2017, via video conference at the South Mississippi Correctional Institution [SMCI].  An Order setting the hearing was entered on April 6, 2017 [15], and a writ was entered on the same date directing that Plaintiff Henry L. Willie, Jr., be brought for the conference [16, 17].  The Court was informed by SMCI officials that Plaintiff was released from the custody of the Mississippi Department of Corrections [MDOC] on December 12, 2016, and the SMCI officials have no current address for Plaintiff.  Although he has been out of jail for four months, Plaintiff has not provided the Clerk of the Court with an address other than his SMCI address.   By Order [4] entered October 4, 2016, Plaintiff was advised that he must keep the Clerk advised of his current address or his case would be subject to dismissal.

The undersigned cannot move this case forward without being able to contact Plaintiff.  Neither this Court or its Clerk is legally required to undertake independent investigations to maintain current addresses on parties to pending actions.  Such a

requirement would not be feasible, and it is incumbent upon litigants to keep the Clerk of the Court advised of a current address.[1]

Plaintiff filed this civil Complaint, and it is his responsibility to prosecute his claims and to keep the Court advised of a current address. The Court must be able to contact Plaintiff, and he must be willing to prosecute his case in accordance with the rules of the Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) **Involuntary Dismissal; Effect.** If the plaintiff *fails to prosecute or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ---- except ... ---- operates as an adjudication on the merits.

(Emphasis added.)

"The authority of a [district] court to dismiss *sua sponte* for lack of prosecution ... [is] an inherent power, governed not by rule or statute but by the control necessarily

---

[1] In an unpublished 1985 decision, the Fifth Circuit stated the following:
It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the court of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Ainsworth v. Payne*, No. 1:05cv297-LG-JMR, 2006 WL 2912571, at *1 (S.D. Miss. Oct. 10, 2006) (quoting *Perkins v. King*, No. 84-3310, (M.D. La.), aff'd 759 F.2d 19 (Table), slip op. at 4 (5th Cir. March 19, 1985)).

vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).

Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See Local Rule* 11(a); *Wade v. Farmers Ins. Group*, No. 01-20805, 2002 WL 1868133, at *1, n. 12 (5th Cir. June 26, 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute— even incarcerated litigants must inform the court of address changes); *Carey v. King,* 856 F.2d 1439, 1441 (9th Cir. 1988) (*pro se* plaintiff's case dismissed for failure to prosecute when he failed to keep the court apprised of his current address).

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." *Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)). The record in this case supports such a finding. Plaintiff has obviously lost interest in pursuing these civil claims after his release from prison, even though he has not formally moved to dismiss this case.

For the above reasons, the undersigned Magistrate Judge recommends that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b), without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636;  Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 7th  day of April 2017.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE